UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **T. J. THOMPSON,** | ) | Case No. 4:07 CV 00596 |
| | ) | |
| Petitioner, | ) | Judge Ann Aldrich |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| **T. R SNIEZEK**, | ) | (Regarding ECF # 1, 10) |
| | ) | |
| Respondent. | ) | Magistrate Judge James S. Gallas. |
| | ) | |

The matters of T. J. Thompson's petition for writ of habeas corpus under 28 U.S.C. §2241 and the respondent's motion to dismiss have been referred to the undesigned for report and recommendation. Petitioner is a prisoner in federal custody at the Federal Correctional Institution in Elkton, Ohio, who claims actual innocence from his federal conviction for felon in possession of a firearm under 18 U.S.C. §922(g). Thompson was indicted in the Eastern District of Michigan on March 10, 1989 for conspiracy to distribute cocaine and for felon in possession of a firearm.  On May 2, 1990 he was found guilty of both counts  His sentencing hearing was held on February 14, 1991 where he was sentenced to 300 months on count one and 60 months on count two, to be served concurrently. Thompson  does not contest his conviction for conspiracy to distribute cocaine, but challenges his  conviction and sentence under 18 U.S.C. §922(g), which reads:

> It shall be unlawful for any person ... who has been convicted in any court of, a **crime punishable by imprisonment for a term exceeding one year** ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce. (Emphasis added).

2

The phrase "crime punishable by imprisonment for a term exceeding one year," in *Erie*-doctrine fashion incorporates state law, which in Thompson's case is the law of the State of Michigan.

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for the purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess or receive firearms.
> At issue is 18 U.S.C. §921(a)(2)

Thompson argued on appeal that his 1979 felony conviction did not subject him to federal weapons disability because his civil rights were restored to him under Michigan law, as a result he maintained his felon in possession of firearms conviction was invalid. His convictions were affirmed in *United States v. Thompson*, 976 F.2d 735, 1992 WL 217725 (Table, 6th Cir. Sept. 9, 1992). The court applied its decision from *United States, v. Driscoll*, 970 F.2d 1472 (6th Cir. 1992), that Michigan did not restore a criminal defendant's civil rights completely because of a bar against future jury duty. *Thompson*, 1992 WL 2177725 at * 5; *Driscoll,* at 1478-79.

Thereafter, Thompson exercised other avenues of appeal- a motion to vacate, set aside or correct sentence under 28 U.S.C.§2255, and motion for new trial, and a Rule 60(b)(6) motion for relief from judgment. See *United States v. Thompson*, 976 F.2d 734 (Table, 6thCir. 1992); *Thompson v. United States*, 23 F.3d 408 , 1994 WL 151362 (6th Cir. Apr. 27, 1994); *United States v. Thompson*, 114 F.3d 1190, 1997 WL 299359 (6th Cir. June 4, 1997); *United States v. Thompson*, 58 Fed. Appx. 599, 2002 WL 31845136 (6th Cir. Dec. 16, 2002). At this last proceeding the Sixth Circuit

3

recharacterized the motion for relief from judgment as an action seeking permission to file a second or successive §2255 motion to vacate sentence, and denied the recharacterized request.

Thompson now seeks relief from his conviction and sentence for felon in possession on a claim of actual innocence. Thompson claims that because of a change of law announced in the Sixth Circuit's decision in *Hampton v. United States,* 191 F.3d 695 (6th Cir. 1999), the Sixth Circuit overturned its earlier stand that Michigan did not fully restore a convicted felon's civil rights, so by the time of the federal charges, his civil rights had been restored from his 1979 state conviction. Also, Thompson claims prejudice because of this felon in possession conviction he is now ineligible for one year off for participation in the "Residential 500" hour drug program. (Writ, at 7). He states that at nearly 80 years of age this one year reduction is important to him.

*Discussion:*

28 U.S.C. § 2241  permits relief, in lieu of relief under § 2255, "where the individual can make a showing of actual innocence." See *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir.2003). *Paulino v.* United States, 352 F.3d 1056, 1061 (6th Cir. 2003). Actual innocence means factual innocence. See *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L. Ed.2d 828 (1988). Respondent relies on *Hervey v. United States*, 105 F. Supp. 2d 731, 735 (E.D.Mich. 2000) for rejection of this §2241 motion, however, in *Hervey* the district court found no legal and factual grounds to support a claim of actual innocence.  For the reasons that follow, Thompson has established his claim of actual innocence.

4

Following Thompson's appeal, a subsequent panel in *Hampton v. United States*, 191 F.3d 695 (6th Cir. 1999), abrogated *Driscoll*, finding that a defendant's civil rights including jury duty were restored to felons upon release from custody under Michigan law. See *Hampton*, 191 F.3d at 702, *United States v. Campbell*, 256 F.3d 381, 391 (6th Cir. 2001). Thompson relies on *Hampton*.

Just several years after *Hampton*, though, another panel in *United States v. Campbell*, 256 F.3d 381 (6th Cir. 2001), explained that restored civil rights were only half of the equation and the court must also consider the collateral consequences of conviction under 18 U.S.C.§ 921(a)(2)'s "unless" clause. Michigan had a statutory prohibition against former felons' "purchase, carry or transport" of a pistol under Mich. Comp. Laws §28.422. See *Lyons v. United States*, 794 F. Supp. 238, 239 n.2 (E.D. Mich. 1992); *Campbell*, 256 F.3d at 393. As *Campbell* elaborates, the result in *Hampton* was not incorrect and both lines of reasoning may be harmonized. See *Id*., 256 F.3d at 394-95. Respondent relies on *Campbell*, but respondent's blanket reliance on *Campbell* under Thompson's situation is misplaced.

In *Campbell,* the petitioner was federally charged in 1999 for unlawful possession of a firearm in 1997. The decision relied on M.C.L. §750.224f, a statute with express time periods of prohibition of 3 years for general felonies and 5 years for "specified felonies" which states "a person convicted of a felony shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm." *Id.*, 256 F.3d at 392 n.6; and see M.C.L. §750.224f(1) and (1)(a) and (2) and (2)(a).

5

M.C.L §750.224f was not enacted until October 1992. Although this statute was applied in *Campbell* its application was easily rationalized under *Campbell*'s time relationships. *Id.,* 256 F.3d at 392-93. This statute, which was a part of Michigan's October 1992 overhaul of its law defining eligibility for lawful firearm possession, is inapplicable to Thompson's situation. Thompson's predicate felony conviction occurred in 1979 and the period of his federal indictment through conviction spanned March 1989 through February 1991. Naturally, this subsequently enacted state legislation to mirror federal statute and clarify the restrictions on a felon's possession of a firearm cannot be considered.

To support his factual claims, Thompson has provided his sentencing transcript from the Genesee County, Michigan Circuit Court from January 16, 1979. (See Ex. 1 to Reply, ECF# 11). Thompson had entered a guilty plea and was convicted of felonious assault, a crime subject to imprisonment of not more than four years and fine of not more than $2,000.00. (Tr. 2). He had shot at police officers when they raided his home to seize marijuana.(Tr. 4). For this offense Thompson was sentenced to 60 days in the county jail, a period of three years probation, and a fine of $360.00. (Tr. 5). He was not permitted to own, purchase, possess, use, sell or have under his control any deadly object, weapon, firearm or imitation or accompany a person doing so, as a condition of probation. This prohibition continued under a former version of M.C.L. §28.422, a licensing requirement for "pistols" which contained an 8 year window against felon's obtaining a license under §28.422(1)(c).[1] See also *Lyons,* 794 F. Supp. at 240 n.4 ( "Michigan law was amended to

---

[1] **28.422.** Pistols; license to purchase, carry, or transport, duty to obtain, issuance, disposition; licensees, qualifications; license applications, contents; exemptions

Sec. 2. (1) A person shall not purchase, carry, or transport a pistol without first having obtained a license therefor as prescribed in

6

remove the 8-year window for convicted felons, effective March 28, 1991, Mich. Comp. Laws Ann. § 24.422(3)(c)(West Supp. 1991)."

His incarceration for felonious assault ended March 1979 and under former M.C.L. §28.422(c), the 8 year window ended with **March 1987.** Unlike subsequently enacted M.C.L.§750.224f the time period did not commence to run after "[t]he person has successfully completed all condition of probation or parole imposed for the violation." Compare §750.224f(1)(c) and (2)(a)(iii); *Campbell*, 256 F.3d at 392 n 6. Under former Michigan law the pertinent dates were only the dates of conviction or release from incarceration. See *Campbell*, 256 F.3d at 392.

---

this section, except that any person who brings a pistol into this state and who is either on leave from active duty with the armed forces of the United States or who has been discharged from such active duty shall obtain a license for the pistol within 5 days after his or her arrival in this state. The commissioner or chief of police of a city, township, or village, having an organized police department, or the duly authorized deputy of the commissioner or chief of police; and the sheriff, or a duly authorized deputy of the sheriff, in the parts of a county not included within such cities, townships, or villages, having an organized police department, may issue licenses to purchase, carry, or transport pistols to applicants residing within the city, village, township, or county, as applicable. A license shall not be granted under this section to any person unless the applicant meets all of the following:
(a) Is 18 years of age or over.
(b) Is a citizen of the United States and has resided in this state 6 months or more.
(c) Has not been convicted of a felony or has not been incarcerated as a result of a felony conviction in this state or elsewhere during the 8-year period immediately preceding the date of application.
(d) Has not been adjudged insane in this state or elsewhere unless he or she has been restored to sanity by court order.
(2) Applications for licenses under this section shall be signed by the applicant under oath upon forms provided by the director. Licenses to purchase, carry, or transport pistols shall be executed in triplicate upon forms provided by the director and shall be signed by the licensing authority. Three copies of such license shall be delivered to the applicant by the licensing authority.
(3) Upon the sale of the pistol the seller shall fill out the license forms describing the pistol sold, together with the date of sale, and sign his or her name in ink indicating that such pistol was sold to the licensee. The licensee shall also sign his or her name in ink indicating the purchase of such pistol from the seller. The seller may retain a copy of the license as a record of the sale of the pistol. The licensee shall return 2 copies of the license to the licensing authority within 10 days following the purchase of the pistol.
(4) One copy of the license shall be retained by the licensing authority as a permanent official record for a period of 6 years and the other copy shall be forwarded by the licensing authority within 48 hours to the director. A license shall be void unless used within 10 days after the date of its issue.
(5) This section does not apply to the purchase of pistols from wholesalers by dealers regularly engaged in the business of selling pistols at retail, nor to the sale, barter, or exchange of pistols kept solely as relics, curios, or antiques not made for modern ammunition or permanently deactivated. This section does not prevent the transfer of ownership of pistols which are inherited if the license to purchase is approved by the commissioner or chief of police, sheriff, or their authorized deputies, and signed by the personal representative of the estate or by the next of kin having authority to dispose of the pistol.
(6) As used in this section, "director" means the director of the department of state police.
(7) A person who forges any matter on an application for a license under this section is guilty of a felony.

MI ST 28.422 (1989)

7

Additional facts can be gleaned from the Sixth Circuit's decision:

> In 1988, Flint police investigated sales of cocaine base by Thompson and his girlfriend, Melodie Ingraham, from the same Stewart Street residence. During the investigation, Flint police obtained a search warrant for the residence. Immediately prior to executing the warrant, two officers stopped in the driveway of the house and frisked Thompson, discovering cocaine on his person. After seizing the cocaine, the raid team searched the house, discovering several firearms, including a .375 Magnum handgun.
>
> A federal grand jury investigation into the cocaine conspiracy ensued. In March 1989, when Ingraham failed to appear before the grand jury despite being subpoenaed to do so, an arrest warrant was issued for her. A federal agent and Flint officers arrested Ingraham at the Stewart Street residence. During a protective sweep of the house immediately after the arrest, the officers encountered Thompson upstairs in a bedroom with cocaine and several firearms.
>
> A grand jury returned a superseding indictment, charging Thompson with conspiring to distribute cocaine and being a felon in possession of a firearm charge. Thompson moved to suppress the evidence discovered as a result of the search of his person in **June 1988** and as a result of the search of the Stewart Street residence and his person in **March 1989.** (emphasis supplied)
>
> *U.S. v. Thompson* 1992 WL 217725, *1

"'It is the status of the defendant on the date he possessed the firearm as alleged in the indictment that controls whether or not he has violated [§ 922(g) ].' *United States v. Morgan,* 216 F.3d 557, 565-66 (6th Cir.2000)." *Campbell,* 256 F.3d at 393. At that point in June 1988, Thompson's civil rights had been restored and there was no evidence that the firearm recovered by law enforcement officers had been possessed prior to **March 1987.** Accordingly, for purposes of 18 U.S.C. §921(a)(2) there was no longer a crime punishable by imprisonment for a term exceeding one year. Thompson was no longer prohibited under state law from possession of a firearm.

8

As a final note, the decision in *Campbell* relied on Michigan's requirement that a person convicted on a felony must apply to his county concealed weapon licencing board to have his have general firearms rights restored. See *Campbell*, 256 F.3d at 393. This new requirement, appearing under M.C.L.§28.424, was not effective until October 18, 1992, and is a lynchpin of Michigan's overhaul of state law, commensurate with enacting M.C.L.§750.224f. ( See P.A.1927, No. 372, § 4, added by P.A.1992, No. 219, § 1, Imd. Eff. Oct. 18, 1992). This 1992 amendment giving state discretion for determining which felons would be permitted to possess firearms naturally had no retroactive application to 1988.  At the controlling date, there was no prohibition under Michigan law against Thompson's shipping, transporting, possession or receipt of firearms.

### *CONCLUSION AND RECOMMENDATION*

For the foregoing reasons it is recommend that respondent's motion to dismiss be denied and that Thompson's application for habeas corpus under 28 U.S.C. §2241 be granted due to actual innocence and that this matter be remanded to the Eastern District of Michigan to vacate his conviction and sentence as felon in possession of a firearm in violation of 18 U.S.C. §922(g).

s/James S. Gallas<br>United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).

Dated: September 2, 2008