UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| T.J. THOMPSON, | ) | |
| | ) | Case No. 4:07-CV-00596 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE ANN ALDRICH |
| | ) | |
| WARDEN T.R. SNIEZEK, | ) | Magistrate Judge James S. Gallas |
| | ) | |
| Respondent. | ) | |
| | ) | MEMORANDUM AND ORDER |
| | ) | |
| | ) | |

Before the court is a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 (Doc. No. 1) and motion to dismiss the petition (Doc. No. 10). Petitioner T.J. Thompson was found guilty of conspiracy to distribute cocaine and for being a felon in possession of a firearm pursuant to 18 U.S.C. §922(g). The petition and the motion to dismiss were referred to Magistrate Judge Gallas for a report and recommendation ("R&R"). The report recommended that Thompson's petition be granted and the motion to dismiss be denied. (Doc. No. 15). Respondent, Warden T.R. Sniezek ("Sniezek") filed an objection to the R&R, asserting that the petition was moot because Thompson was no longer in physical custody. (Doc. No. 18.). This court subsequently ordered supplemental briefing from Sniezek on the issue of Thompson's custody status, including whether he was serving a term of supervised release. (Doc. No. 19.).

For the reasons set forth below, the court grants Thompson's petition for a writ of habeas corpus and denies the motion to dismiss.

-1-

**I.    STANDARD OF REVIEW**

Federal Rule of Civil Procedure 72(b) requires this Court to review *de novo* any portion of the magistrate judge's disposition to which specific objections have been made. Similarly, Local Rule 72.3(b) requires that objections "specifically identify the portions of the proposed findings, recommendations, or reports to which objection is made and the basis for such objections." A district judge "shall make *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." *Id.* However, "a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Curie*, 50 F.3d 373, 380 (6th Cir. 1995).

Mootness is a jurisdictional issue and must be reviewed by this Court *de novo*. *Demis v. Sniezek*, 558 F.3d 508, 513 (2009) (citations omitted). "'[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Id.* (citing *Int'l Union v. Dana Corp.*, 697 F.2d 718, 720-21 (6th Cir. 1983) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). In petitions for habeas relief, "'it is not enough that a dispute was alive when [a petitioner's] habeas corpus petition was filed in the district court. [A petitioner] must continue to have an actual injury that is capable of being redressed by a favorable judicial decision." *Id.* (quoting *Brock v. United States Dep't of Justice*, 256 Fed.Appx. 748, 750 (6th Cir. 2007)).

**II.    DISCUSSION**

Sniezek's objection to Magistrate Judge Gallas's R&R is that Thompson is no longer in

custody and that therefore the petition for a writ of habeas corpus is moot. This court ordered Sniezek to provide information on Thompson's status. (Doc. No. 19). Specifically, this court inquired "whether [Thompson] has fulfilled his sentence or is under a period of supervised release." *Id.* The government's supplemental brief in response restated that Thompson had been released from prison. However, it did not provide an answer regarding whether Thompson is under supervised release. *Id.*

The sentence from which Thompson seeks relief was imposed on February 14, 1991, for a term of imprisonment of 300 months, followed by five years of supervised release. (Doc. No. 10-3, at 12). Thus, Thompson's term of imprisonment is not due to expire until 2016. This court has established from the Flint, Michigan Probation Office of the Eastern District of Michigan, that Thompson is still under conditions of supervised release. The Supreme Court's "interpretation of the 'in custody' language has not required that a prisoner be physically confined in order to challenge his sentence on habeas corpus*.*" *Maleng v. Cook*, 490 U.S. 488, 490 (1989). "Although a petitioner need not be physically confined as a result of the challenged state action in order to satisfy the 'in custody' requirement, the actual or potential restraint on his liberty must be severe and immediate, such as occurs when he is released subject to certain conditions and restrictions on parole, probation, or bail." *Lewis v. Randle*, 36 Fed. Appx. 779, 780-81 (6th Cir. 2002) (quoting *Maleng*, 490 U.S. at 491). Recently, the Court of Appeals for the Sixth Circuit took up the issue of mootness of habeas petitions in regard to those who are on supervised release. While agreeing that the request for habeas relief was moot for the petitioner in that case, the court suggested that habeas relief may be "appropriate for a petitioner who challenges the *length* of his sentence[.]" *Demis v. Sniezek*, 558 F.3d 508, 515 (2009).

Further, even though a petitioner may be released from prison, collateral consequences may result, thereby making habeas relief not moot. Release from incarceration does not make a habeas petition moot because " [petitioner ] has not been pardoned and some collateral consequences of his conviction remain, including the possibility that the conviction would be used to impeach testimony he might give in a future proceeding and the possibility that it would be used to subject him to persistent felony offender prosecution if he should go to trial on any other felony charges in the future." *Evitts v. Lucey*, 469 U.S. 387, 391 n. 4 (1985); *see also Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

Finally, the court agrees with the R&R's discussion and analysis of *United States v. Campbell*, 256 F.3d 381 (2001). The Respondent did not object to this analysis. The court further notes that even if M.C.L. 750.224f(2) was applied to Thompson, he would not be guilty of being a felon in possession of a firearm violation. Thompson was released from incarceration on March 16, 1979 and subject to three years of probation. His period of probation would come to an end on March 16, 1982 and applying the five year restriction, Thompson was free to apply for a permit for a pistol as of March 16, 1987, which is still prior to the search that resulted in finding the pistol in Thompson's possession.

**III.   CONCLUSION**

For the reasons discussed above, this court does not find the petition for habeas relief to be moot and denies Respondent's motion to dismiss. Accordingly, this court adopts the well-reasoned and thorough R&R of Magistrate Judge Gallas and orders that Thompson has proved actual innocence to the charge of being a felon in possession of a firearm pursuant to 18 U.S.C. §922(g). This order is final and appealable.

-4-

IT IS SO ORDERED.

                                                   *s/ Ann Aldrich*
                                                 ANN ALDRICH
                                                 UNITED STATES DISTRICT JUDGE

**Dated: July 10, 2009**